1  Venkat Balasubramani (SBN 189192)
   FOCAL PLLC
2  900 1st Avenue S., Suite 201
   Seattle, WA 98134
3  Phone: (206) 529-4827
   Fax:    (206) 260-3966
4  Email: venkat@focallaw.com

5  Attorney for Plaintiff
   The Pokémon Company International, Inc.



## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| THE POKÉMON COMPANY INTERNATIONAL, INC., | THE POKÉMON COMPANY INTERNATIONAL, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL |
| Petitioner, | |
| v. | In connection with |
| SHOPIFY, INC., | *The Pokémon Company International, Inc. v. Tee Turtle, LLC*, Case No. 2:15-cv-1419-RSL |
| Respondent. | United States District Court Western District of Washington |

THE POKÉMON COMPANY INTERNATIONAL, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
COMPEL

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................ 1

STATEMENT OF ISSUES TO BE DECIDED PURSUANT TO LOCAL RULE 7-4(a)(3)) ...... 2

FACTUAL BACKGROUND ..................................................................................................... 2

    I.    DOCUMENTS REQUESTED ........................................................................................ 3

    II.   TPCi'S MEET AND CONFER EFFORTS ................................................................... 3

JURISDICTIONAL STATEMENT ........................................................................................... 4

ARGUMENT .............................................................................................................................. 5

    I.    SHOPIFY WAS PROPERLY SERVED AND SHOULD BE COMPELLED TO PRODUCE THE SUBPOENAED DOCUMENTS ........................................................ 5

        A.   Shopify was Served through its U.S. Agent .......................................................... 6

        B.   Shopify is Bound by Service on its Ostensible Agent ............................................ 7

        C.   Regardless of Any Technical Defects with Service, Shopify Received Actual Notice of the Subpoena and Should be Compelled to Comply with It ..................... 7

    II.   CANADIAN LAW DOES NOT PROHIBIT SHOPIFY'S COMPLIANCE .................. 8

    III.  SHOPIFY USA EXERCISES SUFFICIENT CONTROL TO BE COMPELLED TO PRODUCE THE REQUESTED DOCUMENTS ........................................................... 9

CONCLUSION ......................................................................................................................... 10

## CASES

*7-UP Bottling Co. v. Archer Daniels Midland Co. (In re Citric Acid Litig.)*
    191 F.3d 1090 (9th Cir. 1999) .................................................................................... 9

*Big B Auto. Warehouse Distribs., Inc. v. Coop. Computing, Inc.*
    Case No. 00-CV-2602, 2000 U.S. Dist. LEXIS 16363 (N.D. Cal. Oct. 31, 2000) ....... 7

*Chan v. Soc'y Expeditions*
    39 F.3d 1398 (9th Cir. 1994) .................................................................................. 6, 8

*Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc.*
    840 F.2d 685 (9th Cir. 1988) ........................................................................................ 8

*Gray v. Mazda Motor of Am., Inc.*
    560 F. Supp. 2d 928 (C.D. Cal. 2008) ......................................................................... 6

*Halo Elecs., Inc. v. Bel Fuse Inc.*
    Case No. 07-CV-6222, 2010 U.S. Dist. LEXIS 64025 (N.D. Cal. June 14, 2010) ...... 6

*Khachatryan v. Toyota Motor Sales, U.S.A., Inc.,*
    578 F. Supp. 2d 1224 (C.D. Cal. 2008) ....................................................................... 6

*LSI Corp. v. Vizio Inc.*
    Case No. A-12-CV-191 LY, 2012 U.S. Dist. LEXIS 71195 (W.D. Tex. May 22, 2012) ........... 9

*NGV Gaming, Ltd. v. Upstream Point Molate, LLC*
    Case No. 04-CV-3955, 2009 U.S. Dist. LEXIS 117944 (N.D. Cal. Nov. 24, 2009) ..... 5

*Pasadena Medi-Center Assoc. v. Super. Ct.*
    9 Cal. 3d 773 (1973) ..................................................................................................... 7

*Preis v. Am. Indem. Co.*
    220 Cal. App. 3d 752 (1990) ........................................................................................ 7

*Stella Sys., LLC v. MedeAnalytics, Inc.*
    Case No. 14-cv-00880-LB, 2015 U.S. Dist. LEXIS 53100 (N.D. Cal. Apr. 22, 2015) ......... 9

*Universal Trading & Inv. Co. v. Kiritchenko*
    Case No. C-99-3073 MMC, 2007 U.S. Dist. LEXIS 18431 (N.D. Cal. Feb. 28, 2007) ........ 8

**STATUTES**

CAL. CIV. CODE § 2317 .................................................................................................... 7

CAL. CIV. CODE § 2334 .................................................................................................... 7

CAL. CORP. CODE § 2110 ............................................................................................. 6, 7

Canada's Personal Information Protection and Electronic Documents Act ("PIPEDA"), S.C. 2000, c. 5 (Can.) ......................................................................................................... 1, 8

**RULES**

FED. R. CIV. P. 4(e)(1) ...................................................................................................... 5

FED. R. CIV. P. 4(h)(1)(A) ................................................................................................. 5

FED. R. CIV. P. 4(h)(1)(B) ................................................................................................. 5

FED. R. CIV. P. 45(a)(1)(A)(iii) ......................................................................................... 9

FED. R. CIV. P. 45(b)(2) .................................................................................................... 5

FED. R. CIV. P. 45(c)(2)(A) ............................................................................................... 4

FED. R. CIV. P. 45(d)(2)(B)(i) ........................................................................................... 4

# INTRODUCTION

On September 2, 2016, a subpoena was issued in connection with *The Pokémon Company International, Inc. v. Tee Turtle, LLC*, Case No. 2:15-cv-1419-RSL, a copyright infringement case pending in the United States District Court for the Western District of Washington. (Declaration of Garrett A. Heilman in Support of The Pokémon Company International, Inc.'s Motion to Compel ¶ 4, Exh. B.) As explained below, the subpoena was properly served on Shopify Inc. on September 6, 2016, by the Plaintiff in that action, The Pokémon Company International, Inc. ("TPCi"). (Heilman Decl. ¶¶ 5-6, Exhs. C-D.) Yet Shopify has resisted providing *any* information in response to the subpoena, shifting its objection from one baseless rationale to the next. First, Shopify alleged Canadian privacy law prohibited it from complying with the subpoena. (Heilman Decl. ¶ 10, Exh. G.) But the subpoena does not seek and, in fact, explicitly excludes the production of personal information. (Heilman Decl. ¶ 4, Exh. B.) After being apprised of this, Shopify shifted its rationale, contending that it was not properly served. (Heilman Decl. ¶ 17, Exh. N.) Shopify contends TPCi instead effectuated service on a U.S. subsidiary, Shopify (USA) Inc. Shopify also argues that its U.S. subsidiary does not own or control the documents sought. (Heilman Decl. ¶ 17, Exh. N.)

But each of these purported rationales fails to justify Shopify's failure to produce any information responsive to the subpoena. The Canadian privacy law Shopify relied on protects "personal information." Canada's Personal Information Protection and Electronic Documents Act ("PIPEDA"), S.C. 2000, c. 5 (Can.). The subpoena sought information pertaining to a business and explicitly excludes the production of personal information. (Heilman Decl. ¶ 4, Exh. B.) And contrary to Shopify's contention, TPCi properly served Shopify at a location listed on its website as its own. (Heilman Decl. ¶¶ 5-6, Exhs. C-D.) But even assuming, *arguendo*, that only the U.S. subsidiary was served, Shopify should still be compelled to respond to the subpoena because its U.S. affiliate is an agent for purposes of service of process. Regardless, any defects with service are technical. Because Shopify received actual notice of the subpoena, it cannot credibly question service. The Court should compel Shopify to comply with the

subpoena. But even if the Court finds TPCi served Shopify USA instead of Shopify, the Court should compel Shopify USA to produce the documents because it exercises sufficient control over them.

**STATEMENT OF ISSUES TO BE DECIDED PURSUANT TO LOCAL RULE 7-4(a)(3))**

1. Whether Shopify received sufficient notice of the subpoena that it should be compelled to produce the requested documents.

2. Whether Canadian law prohibits Shopify from complying with the subpoena.

3. Whether Shopify USA has sufficient control over the requested documents to produce them.

### FACTUAL BACKGROUND

The subpoena at issue stems from a copyright infringement suit TPCi brought against Tee Turtle LLC. Tee Turtle, a Missouri limited liability company with its principal place of business in St. Louis, Missouri, is an online apparel retailer that purports to specialize in "cute," "funny," "nerd culture" designs derived from various geek, comic, gaming, and pop culture properties. (Heilman Decl. ¶ 3, Exh. A ¶¶ 2, 21.) It has designed, marketed, and sold apparel and other merchandise featuring designs incorporating characters and other iconic visual elements from TPCi's copyrighted Pokémon works. (Heilman Decl. ¶ 3, Exh. A ¶¶ 22, 28.)

Tee Turtle markets and sells its apparel online as well as at trade shows and conventions. (Heilman Decl. Exh. A ¶ 25.) According to online reports, Tee Turtle sold $2.4 million online in 2013, and was projected to have $7 million in sales in 2014. (Heilman Decl. Exh. A ¶ 27.)

Shopify operates a cloud-based commerce platform that allows merchants to create online stores, sell their products, and manage their businesses. (Heilman Decl. ¶ 4.) Tee Turtle uses Shopify's services in connection with its online sales of apparel and other merchandise that TPCi alleges infringes its copyrighted Pokémon works. (Heilman Decl. ¶ 4.) But to date, Tee Turtle has produced jumbled and incomplete records of its sales. To help determine and/or verify the amount of infringing products Tee Turtle sold, TPCi served a subpoena on Shopify on September 6, 2016, at its San Francisco address. (Heilman Decl. ¶ 5, Exh. C ("Contact Us"

information from https://www.shopify.com/contact, listing locations for Shopify Inc., including San Francisco office at 483 Pine Street, San Francisco, CA, USA 94104); *see also* Heilman Decl. ¶ 6, Exh. D (Proof of Service).) The process server left the subpoena at that address with Jason Baker, who indicated he was "authorized to accept" the subpoena on Shopify's behalf. (Heilman Decl. ¶ 6, Exh. D.)

## I.   DOCUMENTS REQUESTED

Through the subpoena, TPCi seeks information relating to Tee Turtle's sales and information relating to "Pokémon" in connection with Tee Turtle's use of Shopify's services. (Heilman Decl. ¶ 4, Exh. B.) These documents are indisputably relevant to damages in the underlying copyright infringement case, a fact which Shopify has never disputed. The subpoena does not seek any information regarding the identity of or other personal information about Tee Turtle's customers. (Heilman Decl. ¶ 4, Exh. B.) In fact, the subpoena explicitly excludes the production of personal information. (Heilman Decl. ¶ 4, Exh. B.)

## II.   TPCi'S MEET AND CONFER EFFORTS

At the beginning of November 2016, after the subpoena and a certified letter went unanswered, TPCi sent the subpoena and proof of service to Shopify's legal counsel via email. (Heilman Decl. ¶ 9, Exh. F.) Shopify's counsel responded that it could not comply with the subpoena because Canadian law prohibited the disclosure of personal information absent a subpoena from a court of competent jurisdiction. (Heilman Decl. ¶ 10, Exh. G.)

On November 8, 2016, TPCi called Shopify's counsel's attention to the fact that the subpoena did not seek any personal information and in fact explicitly excluded such information from the subpoena. (Heilman Decl. ¶ 11, Exh. H.) TPCi also informed Shopify that it subjected itself to the personal jurisdiction of this Court by transacting business in California, directly and/or through its U.S. affiliates, and registering agents there. (Heilman Decl. ¶ 11, Exh. H.) On that basis, TPCi reminded Shopify that Canadian law permitted and U.S. law obligated it to comply with the duly-authorized subpoena. (Heilman Decl. ¶ 11, Exh. H.)

THE POKÉMON COMPANY INTERNATIONAL, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
COMPEL – Page 3

On November 14, 2016, Shopify responded, informing TPCi it would comply with the subpoena if it could do so without breaching its privacy obligations to its members, but it needed time to review the subpoena. (Heilman Decl. ¶ 12, Exh. I.) Given that Shopify's response was long overdue, TPCi asked Shopify to complete its review by November 25, 2016. (Heilman Decl. ¶ 13, Exh. J.) After two weeks without any word from Shopify, TPCi informed Shopify that it would move to compel compliance but, to avoid unnecessary motion practice, TPCi offered to confer by telephone should Shopify wish to discuss its failure to comply with the subpoena. (Heilman Decl. ¶ 14, Exh. K.)

On December 2, 2016, TPCi's counsel and Shopify's counsel conferred by telephone. (Heilman Decl. ¶ 15, Exh. L, ¶ 16.) TPCi again explained that it did not seek any personal information. (Heilman Decl. ¶ 16.) Shopify asked for more time to discuss the subpoena with its outside counsel, to which TPCi agreed but asked Shopify to respond by December 7, 2016. (Heilman Decl. ¶ 16, Exh. M.)

On December 6, 2016, Shopify informed TPCi that it would not comply with the subpoena because it believed it was not properly served. (Heilman Decl. ¶ 17, Exh. N.) Shopify informed TPCi for the first time that the San Francisco office at which it was served was actually the office of Shopify's U.S. affiliate, Shopify (USA) Inc. (Heilman Decl. ¶ 17, Exh. N.) In that same email, Shopify informed TPCi that Shopify USA did not own or possess the records sought. (Heilman Decl. ¶ 17, Exh. N.)

## JURISDICTIONAL STATEMENT

Under the Federal Rules of Civil Procedure, a party seeking enforcement of a subpoena may bring a motion in "the court for the district where compliance is required for an order compelling production or inspection." FED. R. CIV. P. 45(d)(2)(B)(i). For a subpoena, the district of compliance is any district where a person "regularly transacts business." FED. R. CIV. P. 45(c)(2)(A). Shopify has offices in the Northern District of California and regularly transacts business here. (Heilman Decl. ¶¶ 4-6, Exhs. B-D.)

THE POKÉMON COMPANY INTERNATIONAL, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
COMPEL – Page 4

# ARGUMENT

## I. SHOPIFY WAS PROPERLY SERVED AND SHOULD BE COMPELLED TO PRODUCE THE SUBPOENAED DOCUMENTS

TPCi properly served Shopify. (Heilman Decl. ¶¶ 4-6, Exhs. B-D.) TPCi directed its subpoena to Shopify, delivered the subpoena to an address Shopify claimed as its own, and left it with a person who represented himself to the process server as someone with authority to accept service. (Heilman Decl. ¶¶ 4-6, Exhs. B-D.)

Rule 45 permits service upon a person anywhere in the United States. FED. R. CIV. P. 45(b)(2). Because Rule 45 does not specify what constitutes service on a corporation, courts look to Rule 4(h) of the Federal Rules of Civil Procedure for guidance. *See, e.g., NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, Case No. 04-CV-3955, 2009 U.S. Dist. LEXIS 117944, at *6-7 (N.D. Cal. Nov. 24, 2009). Under Rule 4(h), a subpoena directed to a corporation may be served by delivering a copy to an officer, managing agent, general agent, or any other agent authorized by appointment or by law. FED. R. CIV. P. 4(h)(1)(B). Alternatively, service on a corporation can be effectuated in any manner approved under state law. FED. R. CIV. P. 4(h)(1)(A) (incorporating FED. R. CIV. P. 4(e)(1)). Under California law, a foreign corporation may be served by serving the foreign corporation's "general manager in this state." CAL. CORP. CODE § 2110.

TPCi complied with the requirements of the Federal Rules of Civil Procedure and properly served Shopify. TPCi directed the subpoena to Shopify and delivered it to an address Shopify publicly identified as its U.S. office. (Heilman Decl. ¶¶ 5-6, Exhs. C-D ("Contact Us" Information from September 1, 2016, days before TPCi served Shopify with the subpoena, *see* https://web.archive.org/web/20160901165753/https://www.shopify.com/contact).) At that location, a person named Jason Baker identified himself as a person authorized to accept service on behalf of Shopify. (Heilman Decl. ¶ 6, Exh. D.) The subpoena was therefore properly served on an agent of Shopify, and Shopify should be compelled to comply with the subpoena.

THE POKÉMON COMPANY INTERNATIONAL, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
COMPEL – Page 5

Shopify challenges that service because it contends it has no office in the United States and no record of a Jason Baker working for it. (Heilman Decl. ¶ 17, Exh. N.) But even assuming, *arguendo*, that the U.S. subsidiary was served, Shopify should still be compelled to respond to the subpoena because its U.S. affiliate is an agent for purposes of service of process. That is true even if Mr. Baker does not work for Shopify because, as discussed below, under California law, he is Shopify's "ostensible agent".

Regardless, Shopify alleges only technical defects. This Court should follow its sister courts and construe both the federal and California service of process rules liberally and "uphold service so long as a party receives sufficient notice." *Chan v. Soc'y Expeditions*, 39 F.3d 1398, 1404 (9th Cir. 1994); *see also Halo Elecs., Inc. v. Bel Fuse Inc.*, Case No. 07-CV-6222, 2010 U.S. Dist. LEXIS 64025, at *5 (N.D. Cal. June 14, 2010). Shopify received actual notice of the subpoena and should therefore be compelled to comply with it regardless of any purported technical defects.

### A. Shopify was Served through its U.S. Agent

TPCi's service was sufficient even assuming TPCi served Shopify's U.S. affiliate. Under California law, as incorporated through the Federal Rules of Civil Procedure, a foreign corporation may be served "by serving the foreign corporation's 'general manager in this state.'" *Halo Elecs.*, 2010 U.S. Dist. LEXIS 64025 at *5 (quoting CAL. CORP. CODE § 2110); *see also Gray v. Mazda Motor of Am., Inc.*, 560 F. Supp. 2d 928, 930 (C.D. Cal. 2008) (authorizing service of process through Mazda-America for Mazda-Japan). This Court has found an in-state company to be a foreign corporation's "general manager" where the companies are affiliated and the foreign corporation benefits as if it "had opened its own offices or hired its own agents in California." *Halo Elecs.*, 2010 U.S. Dist. LEXIS 64025 at *6; *see also Khachatryan v. Toyota Motor Sales, U.S.A., Inc.*, 578 F. Supp. 2d 1224, 1227 (C.D. Cal. 2008).

Shopify USA is affiliated with Shopify and Shopify lists the San Francisco office as its own. (Heilman Decl. ¶ 5, Exh. C, ¶ 17, Exh. N.) Therefore, Shopify USA qualifies as Shopify's general manager in California. *See Gray*, 560 F. Supp. 2d at 930; *Khachatryan*, 578 F. Supp. 2d

THE POKÉMON COMPANY INTERNATIONAL, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
COMPEL – Page 6

at 1227; *Halo Elecs.*, 2010 U.S. Dist. LEXIS 64025 at *5-6. Service on Shopify's general manager constitutes service on it. CAL. CORP. CODE § 2110.

### B. Shopify is Bound by Service on its Ostensible Agent

TPCi served Shopify through its ostensible agent, Jason Baker, at an address it represented as its own. A principal imbues a person with ostensible authority when the principal, either intentionally or by want of ordinary care, causes or allows a third person to believe the person possesses such authority. CAL. CIV. CODE § 2317. When a third party relies on an agent's ostensible authority in good faith and without want of ordinary care, the principal is bound by the acts of its agent. CAL. CIV. CODE § 2334; *see also Pasadena Medi-Center Assoc. v. Super. Ct.*, 9 Cal. 3d 773, 781 (1973); *Big B Auto. Warehouse Distribs., Inc. v. Coop. Computing, Inc.*, Case No. 00-CV-2602, 2000 U.S. Dist. LEXIS 16363, at *12 (N.D. Cal. Oct. 31, 2000).

Shopify created an impression that it could be served at the San Francisco office by identifying the office as its own on its website. (Heilman Decl. ¶ 5, Exh. C.) A process server went to that location in September and located Mr. Baker, who represented he had authority to accept service on Shopify's behalf. (Heilman Decl. ¶ 6, Exh. D.) Shopify did not contest service until December, at the culmination of the consultation process. (Heilman Decl. ¶¶ 9-10, 17, Exhs. F-G, N.) Had Shopify previously contested service, TPCi could have remedied any alleged defect. Shopify's silence imbued Mr. Baker with ostensible authority. *See Preis v. Am. Indem. Co.*, 220 Cal. App. 3d 752, 761 (1990) (finding ostensible agency where defendant knew of service, but failed to notify plaintiff that agent did not have authority to accept service); *see also Big B Auto. Warehouse*, 2000 U.S. Dist. LEXIS 16363 at *14-15. Shopify should therefore be bound by the service on Mr. Baker at a location that Shopify identified as its own.

### C. Regardless of Any Technical Defects with Service, Shopify Received Actual Notice of the Subpoena and Should be Compelled to Comply with It

Shopify received actual notice of the subpoena. (Heilman Decl. ¶¶ 9-10, Exhs. F-G.) That service cannot be questioned because it accomplished the purpose of the service rules: it apprised Shopify of the subpoena. Because Shopify received notice of the subpoena, it has no grounds on

THE POKÉMON COMPANY INTERNATIONAL, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
COMPEL – Page 7

which to challenge service. The Court should compel Shopify to comply with the subpoena and produce the requested documents.

This Court recognizes "'service of process is not limited solely to officially designated officers, managing agents, or agents appointed by law for receipt of process.' Rather, it is intended that '[t]he rules [be] applied in a manner that will best effectuate their purpose of giving the defendant adequate notice.'" *Universal Trading & Inv. Co. v. Kiritchenko*, Case No. C-99-3073 MMC, 2007 U.S. Dist. LEXIS 18431, at *21 (N.D. Cal. Feb. 28, 2007) (quoting *Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988)). The rules governing service are "flexible [and] should be liberally construed to uphold service so long as a party receives sufficient notice[.]" *Chan*, 39 F.3d at 1404. Technical defects in service do not justify dismissal unless a party demonstrates actual prejudice. *Chan*, 39 F.3d at 1404.

Shopify received actual notice of the subpoena. (Heilman Decl. ¶¶ 9-10, Exhs. F-G.) It has had actual notice of the subpoena since at least November 14, 2016. (Heilman Decl. ¶¶ 9-10, Exhs. F-G.) Any deficiencies with service are technical at worst and Shopify cannot identify any actual prejudice caused by any alleged deficiencies. Therefore, the Court should uphold service. *Chan*, 39 F.3d at 1404.

## II.   CANADIAN LAW DOES NOT PROHIBIT SHOPIFY'S COMPLIANCE

TPCi does not seek any information subject to the prohibitions contained in the Canadian law asserted by Shopify. That law protects "personal information," which is defined as "information about an identifiable individual." PIPEDA, S.C. 2000, c. 5 (Can.). TPCi requests information pertaining to a business, Tee Turtle. (Heilman Decl. ¶ 4, Exh. B.) Specifically, TPCi requests gross sales, product inventory, documents referring to Pokémon, and communications between Shopify and Tee Turtle's CEO and founder. (Heilman Decl. ¶ 4, Exh. B.) All of this information is directly relevant to the copyright infringement dispute between the parties, and none of it is subject to the PIPEDA. And in any event, the subpoena explicitly excludes the production of personal information. (Heilman Decl. ¶ 4, Exh. B, ¶ 5.) Setting aside the efficacy of Canadian law in this context, it does not provide a basis for Shopify's refusal to comply.

## III. SHOPIFY USA EXERCISES SUFFICIENT CONTROL TO BE COMPELLED TO PRODUCE THE REQUESTED DOCUMENTS

In addition to contending TPCi served its U.S. affiliate, Shopify alleges that affiliate does not own and is not the custodian of the information TPCi seeks. (Heilman Decl. ¶ 17, Exh. N.) Even if true, Shopify USA should be compelled to produce the documents requested because it exercises sufficient "control" over the documents.

Federal Rule of Civil Procedure 45 provides that a party may command a non-party to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." FED. R. CIV. P. 45(a)(1)(A)(iii). Control is defined as "the legal right to obtain required documents upon demand." *7-UP Bottling Co. v. Archer Daniels Midland Co. (In re Citric Acid Litig.)*, 191 F.3d 1090, 1107 (9th Cir. 1999). In determining whether an entity has the requisite "control" over subpoenaed documents, courts consider whether the entities share a common ownership and whether there is an overlap of directors, officers, and employees. *Stella Sys., LLC v. MedeAnalytics, Inc.*, Case No. 14-cv-00880-LB, 2015 U.S. Dist. LEXIS 53100, at *3 (N.D. Cal. Apr. 22, 2015).

Shopify's counsel alleges Shopify USA does not own and is not the custodian of the information TPCi seeks. (Heilman Decl. ¶ 17, Exh. N.) Her allegation is insufficient. *See LSI Corp. v. Vizio Inc.*, Case No. A-12-CV-191 LY, 2012 U.S. Dist. LEXIS 71195, at *8 (W.D. Tex. May 22, 2012) (holding declaration of a manager of the foreign parent was insufficient to support the subsidiary's contentions that it could not access the parent's documents). Despite Shopify's allegation, Shopify USA exerts sufficient control over the documents. Shopify and Shopify USA share a common ownership. (*See* Heilman Decl. ¶ 17, Exh. N (Shopify informing TPCi that it bought Shopify USA).) The entities appear to share employees. (*See* Heilman Decl. ¶¶ 8, 17, Exh. N (Shopify speaking for both Shopify and Shopify USA).) The documents TPCi seeks relate to sales by a company based in the United States. (Heilman Decl. ¶¶ 3-4, Exhs. A-B (Tee Turtle is a company organized under the laws of and with its principal place of business in Missouri).) It is reasonable to assume, absent evidence to the contrary (none of which

THE POKÉMON COMPANY INTERNATIONAL, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
COMPEL – Page 9

has been provided to TPCi), that Shopify USA would have access to the sales of a company based in the United States that uses Shopify's services. As such, Shopify USA exercises sufficient legal "control" over the documents TPCi seeks, and this Court should compel it to produce the documents.

## CONCLUSION

TPCi properly served Shopify at its San Francisco office. That service was proper even if the San Francisco address belongs to Shopify's U.S. affiliate. That affiliate functions as Shopify's agent of process under California service rules and, therefore, Shopify should be compelled to comply with the subpoena. This is true even if the person served does not work for Shopify. Through its own actions, Shopify imbued Mr. Baker with ostensible authority to accept service, and TPCi justifiably relied on that authority. The Court should refuse Shopify's attempt to now disclaim service. Regardless of any technical defects with service, Shopify received actual notice of the subpoena. Its arguments regarding Canadian law and lack of control over the documents lack merit. Therefore, the Court should compel Shopify to comply with the subpoena.

Dated: December 30, 2016

Respectfully Submitted,

_____
Venkat Balasubramani, SBN #189192
FOCAL PLLC
900 1st Avenue S., Suite 201
Seattle, Washington 98134
Tel: (206) 529-4827
Fax: (206) 260-3966
Email: venkat@focallaw.com

*Attorney for Plaintiff The Pokémon Company International, Inc.*